IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**LORI V. BROWN**
5716 Whispering Way
Love Park, IL 61111

    Plaintiff,

    v.

**GREEN COUNTY**
N3152 State Road 81
Monroe, WI 53566

    Defendant.

Case No.: 20-cv-1100

**JURY TRIAL DEMANDED**

---

# COMPLAINT

Plaintiff, Lori V. Brown, through her attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Colin B. Good, for her Complaint against the Defendant, Green County, states as follows:

## NATURE OF ACTION

1. Plaintiff, Lori V. Brown, brings this action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101, *et. seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") to correct unlawful employment practices and to provide appropriate relief where she was adversely affected by such practices.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under both the ADA, as amended, 42 U.S.C. §§ 12117, 2000e, *et seq.* and the FMLA, 29 U.S.C. § 2601 *et. seq.*

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this district at Defendant's office located in Monroe, Wisconsin.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 20, 2020 and an Amended Charge of Discrimination on February 25, 2020.

5. Prior to filing this Complaint, Plaintiff obtained a Dismissal and Notice of Rights from the EEOC, dated September 16, 2020, and received shortly thereafter.

6. This Complaint is filed within ninety (90) days of Plaintiff's receipt of said Notice. A true and correct copy of the Dismissal and Notice of Rights is attached hereto as **Exhibit A**.

## PARTIES

7. Plaintiff, Lori V. Brown ("Brown"), is an adult resident of the State of Illinois, residing at 5716 Whispering Way, Loves Park, Illinois 6111. Brown was an employee of Defendant, Green County ("the County"), from August 13, 1997, to the present.

8. At all relevant times, Brown was an "eligible employee" having worked at least 1,250 hours during the 12-month period immediately preceding the date she requested medical leave to care for her husband from the County in June 2018 under the Family and Medical Leave Act ("FMLA"), pursuant to 29 U.S.C. §§ 2611(2)(A)(i, ii).

9. The County is a geographic and political subdivision of the State of Wisconsin located at N3152 State Road 81, Monroe, Wisconsin 53566.

10. The County is an "employer" engaged in an industry affecting commerce pursuant to 42 U.S.C. §§ 12111(5), (7) for purposes of the Americans with Disabilities Act ("ADA").

11. The County is a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

12. The County is an "employer" engaged in an industry affecting commerce pursuant to 29 U.S.C. § 2611(4)(A)(i) and 29 C.F.R. § 825.104(a) for purposes of the FMLA.

13. The County employs fifty (50) or more employees for each working day during twenty (20) or more calendar workweeks in the year in question as well as the year preceding it pursuant to U.S.C. § 2611(4)(A)(i) for purposes of the FMLA.

## FACTUAL ALLEGATIONS

14. Brown, who has a bachelor's degree in accounting, has worked for the County for more than twenty-two (22) years as its Business Manager in the Human Services Department.

15. As Business Manager, Brown is responsible for a myriad of responsibilities including: financial reporting to public and private agencies; assisting with the budget process by developing, maintaining, and closing year-end books to ensure compliance with budget guidelines; tracking, reviewing, reconciling, and correcting discrepancies with the books; gathering and creating needed documentation for financial audits; meeting with auditors; vendor relations, including sourcing, quoting, reviewing, and monitoring contracts between vendors and the County; management of support staff; overseeing hiring, training, and scheduling; and coordinating with other internal departments as issues arose.

16. At the time of her hire, Brown was performing the duties of both the Business Manager and Fiscal Supervisor.

17. Approximately one (1) year after her hire in August 1997, the administrative unit for which she was working was restructured to include a Director, Business Manager, Fiscal Supervisor and Administrative Secretary.

18. In June 2018, Brown requested intermittent FMLA leave to care for her husband, Jeffery Brown, who suffers from a degenerative muscle disease which substantially limits one or more major life activities.

19. Brown's application for medical leave indicated, in part, that "Employee's spouse has muscle weakness . . . and will need the help from his spouse for these needs."

20. Brown's application for medical leave also indicated that her husband, a semi-tractor trailer pick-up and delivery driver, was unable to perform "all job functions due to weakness" and could "no longer drive a truck due to weakness."

21. The County approved Brown's request for medical leave, which she used throughout 2018 and 2019 to care for her husband.

22. Brown used approximately twenty-seven and nine-tenths (27.9) hours of medical leave in 2018 and twenty-nine (29) hours of leave in 2019. Brown also took more time-off to care for her husband but made up those hours by coming in early or working late.

23. In August of 2019, Respondent promoted Andrea Sweeney ("Sweeney") from Fiscal Supervisor to County Finance Director, leaving the Fiscal Supervisor position vacant.

24. Brown had already performed the duties of Fiscal Supervisor for a year after being hired and, based on her subsequent experience and expertise, was interested in the position.

25. Brown approached Sweeney about the vacancy and asked her if Sweeney believed there were any qualifications Brown did not meet for the position.

26. Sweeney responded that Brown's availability would be a problem because her husband was sick and she would need to take time off to take care of him.

27. Sweeney then proceeded to try and convince Brown that the Fiscal Supervisor position would be too stressful and that Brown did not want the added stress with her husband's care consuming her time.

28. Brown thereafter spoke with Dan Williams ("Williams"), Respondent's County Human Services Director, and the hiring manager for the Fiscal Supervisor position, about her qualifications for the position.

29. Brown asked Williams if there was any reason she would not be a good fit for the Fiscal Supervisor position and told him about Sweeney's comments regarding her unavailability due to her husband's medical needs.

30. Williams, who had begun his position in June 2019, responded that he did not know enough about her work or the quality of her work to remark about her qualifications, but that the County would not factor in her use of medical leave in reaching its hiring decisions for the Fiscal Supervisor position.

31. On July 12, 2019, Brown officially applied for the Fiscal Supervisor position.

32. Both Sweeney and Williams were on the hiring committee for the position.

33. Brown was selected to interview, but was ultimately not selected for the position.

34. The candidate Respondent did choose for the position, Theresa Withee, had no prior Human Services experience and was unfamiliar with the contract funding and expenses of each program. Brown, however, had already successfully completed these duties for Respondent.

35. Brown maintains that Respondent discriminated against her on the basis of her association with an individual with a disability when it failed to hire her into the Fiscal Supervisor position as a result of her use of FMLA to care for her husband.

## FIRST CAUSE OF ACTION:
## ASSOCIATIONAL DISABILITY DISCRIMINATION

36. Brown re-alleges and incorporates herein by reference the above numbered paragraphs.

37. The ADA generally prohibits discrimination on the basis of disability in regards to employment actions and the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

38. The ADA also protects individuals from discrimination because they have a known association or relationship with an individual with a disability. 42 U.S.C. § 12112(b)(4).

39. Indeed, the ADA prohibits discrimination based on relationship or association in order to protect individuals from actions based on unfounded assumptions that their relationship to a person with a disability would affect their job performance, and from actions caused by bias or misinformation concerning certain disabilities.

40. Brown was qualified for the Fiscal Supervisor position but suffered an adverse employment action when the County failed to promote her.

41. Brown was known by the County, and Sweeney and Williams specifically, to associate with her husband who has a physical or mental impairment that substantially limits one or more of his major life activities.

42. The County's failure or refusal to promote Brown occurred due to a perception that her association with her husband's disability would cause expense or distract her, among other reasons.

43. As a direct and proximate result of the County's discrimination, Brown has suffered and continues to suffer economic damages, including lost wages, such as back pay and lost future earnings, and compensatory damages, such as emotional distress, stress, pain, suffering and humiliation, as well as other pecuniary and non-pecuniary losses.

44. The County's conduct was undertaken with malice and in reckless disregard to the rights of Brown under the ADA.

## SECOND CAUSE OF ACTION:
## FMLA RETALIATION

45. Brown re-alleges and incorporates herein by reference the above numbered paragraphs.

46. The FMLA declares that "it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

47. Indeed, an employer may not consider the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c).

48.   Brown engaged in protected activity by requesting and using approved medical leave under the FMLA.

49.   Brown suffered an adverse employment action when the County failed or refused to promote her into the Fiscal Supervisor position.

50.   A causal connection exists between Brown's engagement in protected activity and the County's refusal or failure to promote her into the Fiscal Supervisor position, including Sweeney's comments to Brown regarding her unavailability due her use of medical leave.

51.   By engaging in the conduct described above, and in other ways, the County willfully retaliated against Brown when it failed or refused to promote her because of her use or attempted use of FMLA leave.

## RELIEF REQUESTED

WHEREFORE, Brown demands judgment against the County, ordering:

A.   Award of back pay equal to the pay she would have received absent the discriminatory conduct pursuant to 42 U.S.C. §§ 12117, 200e-5(g) and interest on the back pay awarded;

B.   Order reinstatement or, alternatively, front pay in an amount sufficient to make Brown whole pursuant to 42 U.S.C. §§ 12117, 200e-5(g);

C.   Award compensatory damages for Brown's emotional distress, pain, suffering, mental anguish and other non-pecuniary losses pursuant to and subject to the limitations in 42 U.S.C. § 1981(a);

D. Award punitive damages pursuant to and subject to the limitations in 42 U.S.C. § 1981a(a)(2), (b)(1);

E. Liquidated damages as well as pre-and post-judgment interest pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

F. Award Brown her reasonable attorney's fee, including litigation expenses, and costs, pursuant to 42 U.S.C. § 12205; and

G. Award other such relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 11th day of December, 2020.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Lori V. Brown*

By: */s/ Colin B. Good*
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
Colin B. Good, State Bar No.: 1061355
Email: cgood@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236